UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIS MILLER,

    Plaintiff,

v.                                      Case No. 3:21cv371-LC-HTC

SGT V. DAY

    Defendant.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's complaint (ECF Doc. 1), which has been referred to the undersigned under 28 U.S.C. § 636 and Local Rule 72.2(C). Upon review, the undersigned recommends this action be DISMISSED without prejudice as malicious for abuse of the judicial process for Plaintiff's failure to disclose his complete litigation history. Namely, Plaintiff failed to disclose multiple federal actions related to the conditions of Plaintiff's confinement.

**I.     BACKGROUND**

Plaintiff Willis Miller, an inmate of the Florida Department of Corrections ("FDOC") currently incarcerated at Santa Rosa Correctional Institution, brings this lawsuit under 42 U.S.C. § 1983 against Defendant Sgt. V. Day based on events occurring at Walton Correctional Institution in September 2020. ECF Doc. 1 at 1–

2. As an initial matter, Plaintiff's handwritten complaint is illegible in many places and difficult to read; however, from what the undersigned can decipher, the crux of the complaint centers on Plaintiff's missing personal property. The following allegations from Plaintiff's complaint are accepted as true for the purpose of this report and recommendation.

In September 2020, Plaintiff had an "issue" with another inmate, and Defendant Day came to the dorm with another officer, who handcuffed Plaintiff and took Plaintiff to the confinement dorm. *Id.* at 5. All of Plaintiff's property, however, was in a locker. *Id.* On the following day, Defendant Day told Plaintiff he would have to ask another inmate to retrieve Plaintiff's property, as Defendant Day was the only officer on duty at the time. *Id.* Plaintiff complains such conduct by Defendant Day was unprofessional, and Plaintiff filed grievances regarding this issue. *Id.*

Plaintiff has receipts showing he purchased various goods, and there is a property list with a record of Plaintiff's impounded property that has Defendant Day's signature on it. *Id.* at 6. Defendant Day "inventoried" the property and "picked [Plaintiff's] personal property." *Id.* At the time of initiating this lawsuit, Plaintiff was still missing his property. *Id.*

In the Statement of Claims, Plaintiff simply asserts he has "the right to be freed me [sic] from creul [sic] and unusual punishment at all time." *Id.* at 7. For

relief, Plaintiff requests that the Court investigate his claim and award $2000 in damages. *Id.*

## II.  STANDARD OF REVIEW

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## III.  DISCUSSION

At the end of the complaint, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." ECF Doc. 1 at 7.  Despite that declaration, Plaintiff made false representations in the complaint by omitting numerous actions that he previously filed.

Section IV of Plaintiff's complaint, titled "Previous Lawsuits," specifically asks, "Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or *the conditions of your confinement* (including civil rights complaint about any aspect of prison life . . . )?"  ECF Doc. 1 at 4 (emphasis added).  For this section, Plaintiff checked "Yes," indicating he had filed only *one* previous lawsuit that was required to be disclosed: Case No: 3:20-cv-509.  *Id.*  This section specifically instructed Plaintiff to use a separate piece of paper if there is more than one action that needs to be disclosed, yet Plaintiff did not disclose any other prior lawsuits.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect

the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned notes that Plaintiff appears to have filed but did not disclose more than twenty-five (25) cases that should have been disclosed. An excel sheet printout of the cases found on PACER are attached to this Report and Recommendation. The undersigned confirmed that each case bears Plaintiff's name and DC number (130949).

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.**" ECF Doc. 1 at 3. Nonetheless, Plaintiff failed to disclose numerous prior cases. If Plaintiff suffered no penalty for this lack of disclosure, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's incomplete response to go unpunished. As one district judge from this District recently stated in an order of

dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file on this matter.

Done at Pensacola this 1st day of April, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

| Case Number | Case Name | Date Filed |
|---|---|---|
| 3:2020cv05793 | MILLER v. INCH et al | 9/3/2020 |
| 3:2017cv00922 | Miller v. Davis et al | 8/14/2017 |
| 3:2017cv00948 | Miller v. Thompson et al | 8/18/2017 |
| 3:2017cv00989 | Miller v. Florida State Prison Staff | 8/22/2017 |
| 3:2017cv00957 | Miller v. Tompson et al | 8/21/2017 |
| 3:2017cv01039 | Miller v. Tompson et al | 9/1/2017 |
| 3:2017cv00988 | Miller v. Florida State Prison Staff | 9/22/2017 |
| 3:2017cv01119 | Miller v. Florida State Prison Employees | 10/5/2017 |
| 3:2017cv01124 | Miller v. Howell et al | 10/6/2017 |
| 3:2017cv01150 | Miller v. McClellon et al | 10/12/2017 |
| 3:2017cv01234 | Miller v. Lains et al | 11/3/2017 |
| 3:2021cv00127 | Miller v. Santa Rosa Law Officials | 2/4/2021 |
| 3:2018cv00155 | Miller v. Florida State Prison | 1/25/2018 |
| 3:2021cv00214 | Miller v. Willis et al | 3/4/2021 |
| 3:2018cv00936 | Miller v. C-Kddy et al | 8/2/2018 |
| 3:2018cv00982 | Miller v. Union C.I. | 8/13/2018 |
| 3:2018cv01351 | Miller v. Union Correctional Institution | 11/14/2018 |
| 3:2019cv00008 | Miller v. Davis et al | 1/2/2019 |
| 3:2020cv00025 | Miller v. Santa Rosa Correctional Institution | 1/13/2020 |
| 3:2020cv00327 | Miller v. Santa Rosa Correctional Institution | 3/30/2020 |
| 3:2020cv00378 | Miller v. Santa Rosa Correctional Institution | 4/13/2020 |
| 3:2020cv00509 | Miller v. Willis et al | 5/21/2020 |
| 3:2020cv00647 | Adams et al v. Inch et al | 6/25/2020 |
| 3:2020cv00946 | Miller v. Inch et al | 8/28/2020 |
| 3:2020cv01131 | Miller v. Willis et al | 10/5/2020 |
| 3:2017cv00919 | Miller v. Florida State Prison Staff et al | 8/11/2017 |
| 3:2017cv00838 | Miller v. Secretary, Florida Department of Corrections | 7/21/2017 |